**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHNNIE BYRD,

        Plaintiff,

v.                                                                                            CASE NO. 2:13-cv-13947

NORFOLK SOUTHERN RAILWAY                            HON. MARIANNE O. BATTANI
COMPANY and CONSOLIDATED RAIL
CORPORATION,

        Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Consolidated Rail Corporation's ("Conrail") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Johnnie Byrd filed the instant action against Norfolk Southern Railway Company ("NSR") and Conrail alleging employment discrimination based on race. Byrd alleges that Conrail barred him from its premises, which in turn, prompted his employer NSR to demote him from locomotive engineer to yard worker. In the Complaint, Byrd alleges that NSR is his employer, but that both "Defendants are 'employers' within the meaning of Title VII of the Civil Rights Act of 1964 . . . ." (Compl. at ¶ 16, ECF No. 1).

The central issue is whether Conrail is Byrd's employer for purposes of Title VII and ELCRA. In determining whether a party is an employee under Title VII, the Sixth Circuit applies the common law agency test, in which the court considers:

> the hiring party's right to control the manner and means by which the product is accomplished; the skill required by the hired party; the duration of the relationship between the parties; the hiring party's right to assign additional projects; the hired party's discretion over when and how to

work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the hiring party's regular business; the hired party's employee benefits; and tax treatment of the hired party's compensation.

Shah v. Deaconess Hosp., 355 F.3d 496, 499-500 (6th Cir. 2004) (quoting Simpson v. Ernst & Young, 100 F.3d 436, 443 (6th Cir. 1996)).

The Court finds that Byrd is not an employee of Conrail for purposes of Title VII and ELCRA. It is undisputed that Conrail does not compensate Byrd for his work, provide Byrd a W-2, provide Byrd employment benefits, decide whether to demote or fire Byrd, dictate hours of his employment, or assign work. In addition, Byrd's reliance on Christopher v. Stouder Memorial Hospital, 936 F.2d 870 (6th Cir. 1991) is misplaced, as its holding is outdated and unworkable. See Smiley v. Ohio, 2011 WL 4481350 at *4 (S.D. Ohio Sept. 27, 2011) ("While the Sixth Circuit has not squarely addressed the viability of the interference theory since it decided Christopher, the court recently suggested that adoption of the theory in Christopher might be inconsistent with more recent cases applying the common law agency test."); Lopez v. Massachusetts, 588 F.3d 69, 89 (1st Cir. 2009) (rejecting the interference theory as "entirely inconsistent with the use of the common law criteria the Supreme Court has identified."). As such, Byrd failed to allege sufficient facts to establish that Conrail is his employer under both statutes. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, Conrail's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

                                      s/Marianne O. Battani
                                      MARIANNE O. BATTANI
                                      UNITED STATES DISTRICT JUDGE

DATE: February 10, 2014

## CERTIFICATE OF SERVICE

    I hereby certify that on the above date a copy of this order was served upon all parties of record via the Court's ECF Filing System.

                                            s/Bernadette M. Thebolt
                                            Case Manager